■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL TUFANO, Appellant.—Appeal by defendant from a judgment of the Supreme

Court, Queens County, rendered June 1, 1976, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. No issue has been presented with respect to the facts. Defendant, Michael Tufano, and William Terenzi were indicted for the crime of robbery in the first degree in connection with an armed robbery at a Queens pharmacy. Terenzi pleaded guilty to a lesser charge and was sentenced to five years probation. At Tufano's trial, the People's case consisted primarily of the testimony of the pharmacy's owner, who identified defendant as one of the two perpetrators of the robbery. In addition, the People presented the testimony of Detective Walsh, the arresting officer. During the direct examination of Walsh, the Assistant District Attorney attempted to show that the police investigation had first led to Terenzi, and that it was Terenzi's statement that led them to arrest Tufano. Upon defendant's objection, this line of questioning was to some extent limited by the trial court. However, Walsh was permitted to testify that he had had a "conversation" with Terenzi and that defendant was arrested shortly thereafter. Terenzi was not called as a witness. It was error for the trial court to permit Walsh to testify concerning his conversation with Terenzi. Any statements made by Terenzi in the course of the conversation were, of course, hearsay, and therefore inadmissible. While the precise contents of the conversation were not revealed on direct examination, it was clearly the Assistant District Attorney's intention to create, in the jurors' minds, the impression that Terenzi had implicated Tufano. This was obviously improper. It was also error for the trial court to permit a police officer to testify as a rebuttal witness in response to the testimony of a defense alibi witness. The rebuttal testimony was directed solely at a collateral issue (to wit, whether the police officer, during a telephone conversation on the day of defendant's arrest, had told the alibi witness the time and place of the robbery charged), and should therefore not have been permitted. Finally, we note that the prosecutor, during summation, made the following highly inflammatory comment to the jurors: "If you come back and find the defendant not guilty because the People have produced only one witness, the victim, then you are saying to every person in Queens County, if you are the sole witness to a crime, do not come to court." The cumulative effect of these errors requires reversal of the instant judgment. O'Connor, J. P., Gulotta, Margett and Mangano, JJ., concur.