THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CUMMINGS, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Delaney, J.), rendered October 14, 1981, convicting him of robbery in the first degree (four counts), robbery in the second degree (three counts), robbery in the third degree, grand larceny in the third degree (two counts), assault in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

On November 8, 1980, at approximately 9:20 P.M., Frank Sardoni and his girlfriend, Stephanie Kostarellos, were proceeding to the Detroit Night Club in Port Chester. As Mr. Sardoni was exiting the car, he was seized from behind, struck with a gun and robbed of money at gunpoint by one assailant, while Ms. Kostarellos, who was still in the auto, was robbed by another. Both victims testified that defendant was the man who had assaulted and robbed Mr. Sardoni.

Defendant's initial contention on appeal is that the in-court identification by Ms. Kostarellos should have been suppressed because: (1) she had viewed a certain photo array which included defendant's picture under circumstances which the hearing court found to be unduly suggestive, and (2) she lacked an independent basis from which to make an identification. We disagree. Defendant does not claim that the photo array itself was unduly suggestive. Rather, defendant relies on the hearing court's determination that the photo identification procedure was tainted because Ms. Kostarellos was in the vicinity at the time Sardoni made an identification based upon the same photo array. However, this determination is not supported by the *Wade* hearing record. That record contains no evidence that the two witnesses consulted with one another in determining which, if any, picture depicted their assailant, nor does it establish that one witness saw which photo was picked by the other. Thus, there is no evidence that either witness influenced the other, or that the viewing of the photos was otherwise tainted (*People v Gaddy,* 98 AD2d 729; *People v Fernandez,* 82 AD2d 922). We determine, therefore, that the hearing court erred in finding that Ms. Kostarellos' photo identification was tainted by reason of her proximity to Sardoni at the time he identified defendant

from the photo array. Moreover, a review of the hearing testimony demonstrates that both witnesses had an ample opportunity to observe defendant during the commission of the crime and, therefore, their in-court identification had an adequate independent basis.

Defendant next contends that the trial court improperly permitted the bolstering of the identification testimony of these witnesses by allowing them to testify at trial regarding their recognition of defendant at a pretrial felony hearing. However, the record reflects that defendant had waived his presence at the felony hearing and was not present in the courtroom when such hearing took place. Thus, neither witness actually identified defendant in the course of the hearing. Rather, their trial testimony was based upon their observations of defendant as he stood in the courtroom prior to the hearing.

There is no question that defendant had the right to waive his appearance at the felony hearing, and he would be entitled, upon a proper showing (CPL 710.60), to a *Wade* hearing on the question of the suggestiveness of an identification made in the course of such hearing (*People v Lyde,* 104 AD2d 957; *People v James,* 100 AD2d 552). The circumstances of a felony hearing at which defendant is present may be unduly suggestive and, therefore, even if an independent basis for a witness' identification was found to exist, so that the witness' identification of the defendant at trial would still be permissible, the bolstering of that testimony by reference to suggestive identification at a felony hearing would be error just as it would be error to refer to a suppressed lineup identification in order to bolster the credibility of a witness who has made an in-court identification (*People v Dawson,* 101 AD2d 816; *People v Barnes,* 93 AD2d 864, 865). However, in this case, the defendant was not identified at the felony hearing, nor was he present at the time it was conducted. The encounter between the witnesses and defendant was shown to be nothing other than inadvertent and completely accidental. The circumstances surrounding this encounter were not so suggestive as to be inconsistent with defendant's constitutional rights, and the witnesses' testimony as to their observation of defendant prior to the felony hearing was therefore permissible for purposes of corroborating their in-court identification of defendant (CPL 60.30; *see, People v Gonzalez,* 61 AD2d 666, *affd* 46 NY2d 1011; *People v Logan,* 25 NY2d 184, 193, *cert denied* 396 US 1020).

Defendant further contends that it was error to permit testimony of an investigating detective that, after speaking to a codefendant, he obtained a warrant for defendant's arrest. Such

testimony, which raised the inference that the codefendant, who did not testify, identified defendant, was impermissible hearsay (*People v Cruz,* 100 AD2d 882; *People v Brown,* 91 AD2d 639, 640; *People v Ross,* 79 AD2d 666, 667; *People v Tufano,* 69 AD2d 826). However, no timely objection to the detective's testimony was made. Therefore, the issue is not preserved for review as a matter of law (*People v Nuccie,* 57 NY2d 818; *People v Liccione,* 50 NY2d 850), and we decline to exercise our interest of justice jurisdiction.

We have considered the other errors claimed by defendant and find that they are either not preserved for review, and do not warrant review in the interest of justice given the nature of the evidence establishing defendant's guilt, or they are without merit. Titone, J. P., Gibbons, Bracken and Weinstein, JJ., concur.