■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX ORTEGA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen, J.), rendered June 26, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial (Agresta, J.), after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain statements made by him to law enforcement officers.

Ordered that the judgment is affirmed.

A detective, armed with an arrest warrant, arrived at the home of the defendant's aunt where he found the defendant asleep on the couch. Upon identifying himself and informing the defendant that he was under arrest, the defendant stated "time came". Later, while the detective was obtaining pedigree information from him at the precinct, the defendant stated "I didn't kill him; a ghost killed him". The defendant had not been advised of his *Miranda* rights prior to the making of these statements.

We find the initial statement of the defendant to have been spontaneous and not the result of inducement, provocation, encouragement or acquiescence *(see, People v Maerling,* 46 NY2d 289). The detective neither said nor did anything which he should have known would elicit an incriminating response *(see, Rhode Is. v Innis,* 446 US 291; *People v Ferro,* 63 NY2d 316, *cert denied* 472 US 1007; *People v Lynes,* 49 NY2d 286).

The defendant's subsequent statement at the precinct while the detective was trying to obtain pedigree information from him was also freely and voluntarily made without any coercive police conduct *(see, People v Bryant,* 87 AD2d 873, *affd* 59 NY2d 786, *rearg denied* 65 NY2d 638; *People v Lenart,* 91 AD2d 132). The detective was not required "to take affirmative steps, by gag or otherwise, to prevent [the] talkative person in custody from making an incriminating statement" *(People v Rivers,* 56 NY2d 476, 479, *rearg denied* 57 NY2d 775). Consequently, the hearing court properly denied the defendant's motion to suppress his statements.

Since the repeated stabbing of the unarmed decedent was unprovoked, the defendant's sentence was not unduly harsh or excessive *(see, People v Suitte,* 90 AD2d 80). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.