■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANIA SHEPPARD, Appellant.—Appeals by the defendant from three judgments of the County Court, Nassau County (Thorp, J.), all rendered July 31, 1986, convicting him of robbery in the first degree (two counts) and burglary in the first degree (three counts) under indictment No. 59500, upon a jury verdict, robbery in the first degree under indictment No. 61346, upon his plea of guilty, and promoting prison contraband in the first degree under indictment No. 62781, upon his plea of guilty, and imposing sentences. The appeal from the judgment rendered on indictment No. 59500 brings up for review (1) the denial, after a hearing (Winick, J.), of that branch of the defendant's omnibus motion which was to suppress statements allegedly made to law enforcement officials, and (2) the denial, after a separate hearing (Thorp, J.), of

that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the appeals from the judgments rendered under indictments Nos. 61346 and 62781, are dismissed as abandoned; and it is further,

Ordered that the judgment rendered under indictment No. 59500 is affirmed.

The hearing court's determination that the statements made by the defendant while he was being driven to the police station were spontaneous finds ample support in the record. Thus those statements were properly admitted in evidence despite the fact that the defendant had not received *Miranda* warnings and that his right to counsel had indelibly attached *(see, People v Krom,* 61 NY2d 187, 199; *People v Ortega,* 135 AD2d 840).

The prosecutor's use, in his opening statements, of a nontestifying codefendant's statement wherein the defendant was inculpated by use of a nickname which the prosecutor then proceeded to attribute to the defendant, was clearly error which may have negatively impacted upon the defendant's Sixth Amendment right to confront the witnesses against him *(see, Bruton v United States,* 391 US 123). However, given that this impropriety only occurred in the prosecutor's opening statement, which the jury was informed several times was not evidence, and was not repeated during the presentation of the People's evidence, we find that the prosecutor's misconduct does not warrant reversal *(see, People v Brothers,* 72 AD2d 616; *see generally, People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

We have considered the defendant's remaining contention and find it to be without merit. Thompson, J. P., Brown, Kunzeman and Miller, JJ., concur.