■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO MARTINEZ, Appellant. [704 NYS2d 826] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered June 20, 1997, convicting him of attempted murder in the second degree, assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The trial court erred in permitting the arresting detective to testify that he had interviewed and obtained the statements of two men, who were not called as witnesses at the trial, that he "was armed with some information", obtained a photograph of the defendant, and subsequently arrested the defendant. Such testimony implied that these men identified the defendant as the perpetrator of the subject crimes (see, People v Brazzeal, 172 AD2d 757, 761-762; People v Cummings, 109 AD2d 748, 749-750; People v Cruz, 100 AD2d 882). Under the circumstances herein, the error was not harmless.

In light of our determination, we need not reach the defendant's remaining contentions. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES McDOWELL, Appellant. [704 NYS2d 832] —Appeal by the defendant from a judgment of the County Court, Nassau County (Gulotta, J.), rendered September 11, 1998, convicting him of robbery in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's waiver of his right to appeal was valid (see, People v Moissett, 76 NY2d 909; People v Seaberg, 74 NY2d 1). In light of this waiver, we do not review the defendant's claim that his oral motion to withdraw his plea should have been granted (see, People v Hall, 176 AD2d 960). Mangano, P. J., Santucci, Krausman and Florio, JJ., concur.