■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL JAMES, JR., Appellant. [735 NYS2d 180] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered June 18, 1999, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, and reckless

endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During the direct examination of the arresting detective, the prosecutor solicited testimony regarding the detective's interaction with the nontestifying codefendant. While the prosecutor admonished the detective not to relay the substance of any conversations with the codefendant, the detective's testimony revealed that he accompanied the codefendant to the police station house, issued him *Miranda* warnings (*see, Miranda v Arizona,* 384 US 436), and arrested him. Immediately thereafter, the prosecutor asked "[d]id there come a time" when the detective had another suspect for the crimes, and the detective identified the defendant. Such questioning was improper, as it was designed to create the impression in the jurors' minds that the codefendant had implicated the defendant (*see, People v Cruz,* 100 AD2d 882; *People v Tufano,* 69 AD2d 826).

However, in light of the overwhelming evidence of the defendant's guilt, the impropriety was harmless since "there is no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (*People v Ruiz,* 207 AD2d 917, 918 [internal quotation marks omitted]; *see, People v Hamlin,* 71 NY2d 750, 756). Florio, J. P., McGinity, Luciano and Schmidt, JJ., concur.