■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JULIUS JONES, Appellant. [760 NYS2d 227] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered June 26, 2001, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

During the direct examination of the arresting detective, the prosecutor elicited testimony that the detective arrested the nontestifying codefendant at 6:15 P.M., brought him back to the police station house, and interviewed him. He and another police officer subsequently responded to a location. When the prosecutor asked what happened there, the detective responded that he arrested the defendant. Eight questions later, the prosecutor elicited from the detective that he arrested the defendant at 6:35 P.M. Such questioning was improper, as it was indicative of a deliberate attempt by the prosecutor to create in the jurors' minds the impression that the codefendant implicated the defendant (*see People v James,* 289 AD2d 506, 507 [2001]; *People v Cummings,* 109 AD2d 748 [1985]; *People v Tufano,* 69 AD2d 826, 827 [1979]).

In addition, the court erred in precluding cross-examination of the complainant regarding the length of time it took him to identify the defendant at a lineup. Where, as here, the reliability of the identification by the complainant, the sole eyewitness, was crucial at trial, such restriction on cross-examination was improper (*see People v Williamson,* 79 NY2d 799, 800-801 [1991]; *People v Ashner,* 190 AD2d 238, 247 [1993]).

Under the circumstances of this case, the errors were not harmless. Florio, J.P., Krausman, Goldstein and Townes, JJ., concur.