■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNEST JOHNSON, Appellant. [777 NYS2d 190]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered December 6, 2001, convicting him of robbery in the first degree, robbery in the second degree (two counts), and assault in the second degree, upon a jury verdict, and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by the defendant to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The complainant, an ophthalmologist who worked at a medical building, was accosted in her office by three men who choked her until she passed out, bound her from head to toe in tape, and stole her money, jewelry, credit cards, and cell phone. The men escaped through a second-floor window and ran through a parking lot to nearby woods. One of the codefendants, Lorenzo Redd, was interviewed by a detective, confessed to the robbery, and told the detective where to find the complainant's credit cards. Redd identified the defendant and another man, the codefendant Paul Wellington, as his accomplices.

Contrary to the defendant's assertion, there was probable cause to arrest him based on Redd's statements implicating him

in the robbery (*see People v Berzups,* 49 NY2d 417, 427 [1980]; *People v Malik,* 265 AD2d 577 [1999]; *People v Rivera,* 221 AD2d 667 [1995]). Moreover, the hearing court providently exercised its discretion in reopening the suppression hearing to permit the People to present further testimony since the hearing court had not yet rendered its decision (*see People v Soto,* 280 AD2d 621 [2001]). The evidence, including the defendant's statements, was recovered incident to a lawful arrest and thus suppression was properly denied.

Further, the trial court properly exercised its discretion in determining the extent to which the People could impeach the defendant with his prior criminal offenses (*see People v Hayes,* 97 NY2d 203 [2002]; *People v Pavao,* 59 NY2d 282, 292 [1983]; *People v Sandoval,* 34 NY2d 371, 374 [1974]).

The prosecutor, however, improperly elicited testimony during direct examination that the defendant was arrested following a detective's interview with Redd, a nontestifying codefendant, which implied that Redd implicated the defendant in the robbery (*see People v Jones,* 305 AD2d 698 [2003]; *People v Williams,* 198 AD2d 249 [1993]; *People v Tufano,* 69 AD2d 826 [1979]; *Ryan v Miller,* 303 F3d 231, 250-251 [2002]). In addition, the prosecutor improperly elicited testimony from the detective that the defendant agreed to make a statement after she told him that she had statements from the two codefendants and showed him the statement of Wellington, also a nontestifying codefendant, who was arrested with him (*see Bruton v United States,* 391 US 123 [1968]; *People v Eastman,* 85 NY2d 265 [1995]; *People v Hamlin,* 71 NY2d 750 [1988]).

The defendant claimed at the trial that the statement taken by the detective did not accurately reflect his conversation with her, and that he merely was recounting information Redd gave him the day after the robbery and comparing it to information Redd had provided the detective. He further claimed that Redd "had it in for" him because they had an altercation the day after the robbery. During deliberations, the jury asked to see Wellington's statement, which the jury incorrectly believed was admitted into evidence. Based on the record as a whole, it cannot be said that there is "no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (*People v Hamlin, supra* at 756; *see People v Eastman, supra).* Therefore, under the circumstances, the error was not harmless. Accordingly, the defendant is entitled to a new trial.

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are without merit or are academic in light of this Court's determination. Santucci, J.P., Schmidt, Townes and Mastro, JJ., concur.