■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVER BERRY, Also Known as CHRIS TUCKER, Appellant. [854 NYS2d 507]—

One hour after a verbal exchange relating to a near traffic collision between the complainant and an individual the complainant identified as the defendant, the complainant returned, in a car driven by Josiah Salley, to the same area where the dispute occurred. Through the windshield of his moving car, the complainant observed an individual, initially standing by a fence 100 to 200 feet away, charge the car while firing a gun into the driver's side window, killing Salley. Nearby police officers pursued two individuals running from the scene and detained Kevin Kirven, whom the complainant, unharmed in the shooting incident, indicated was not the perpetrator. After an interview at the police station, Kirven was released. Nearly two years later, the defendant was arrested and identified by the complainant in a lineup.

During the trial, the prosecutor elicited testimony from an investigating detective that a personal telephone/address book was recovered from Kirven during the interview at the police station. The detective related that he photocopied one particular page from this book, sought subscriber information for one specific entry on that page, and then put out a "wanted card" for the defendant.

The plain implication of the detective's testimony was that Kirven, who was not called as a witness at trial, accused the defendant of committing the instant offense; thus, the questioning was improper (*see People v Johnson,* 7 AD3d 732, 733 [2004]; *People v Jones,* 305 AD2d 698, 699 [2003]; *People v Latta,* 295 AD2d 449 [2002]; *People v James,* 289 AD2d 506, 507 [2001]; *People v Martinez,* 269 AD2d 608 [2000]; *People v Elliott,* 256 AD2d 418 [1998]; *People v Polidore,* 181 AD2d 835, 837 [1992]; *People v Brazzeal,* 172 AD2d 757, 761 [1991]; *People v Cummings,* 109 AD2d 748, 749-750 [1985]; *People v Cruz,* 100 AD2d 882, 883 [1984]; *People v Tufano,* 69 AD2d 826, 827 [1979]). Moreover, the prejudicial impact of this testimony was exacerbated by the prosecutor's assertion, during her opening statement, that Kirven "knew . . . the person who did the shooting" and "identified the Defendant to the police." Contrary to the People's contention, the defendant's argument that the elicitation of this testimony violated his right to confrontation is preserved for appellate review. Even though it was not "plainly present[ed]" to the Supreme Court (*People v Feingold,* 7 NY3d 288, 290 [2006]), the court's ruling on the defendant's objection "demonstrates that [the court] specifically confronted and resolved th[e] issue" (*id.; see People v Prado,* 4 NY3d 725, 726 [2004]; *People v Palmer,* 34 AD3d 701, 702 [2006]).

Because the implicit accusation made by Kirven during an interrogation at the police station was testimonial hearsay, its admission violated the defendant's right to confrontation (*see Davis v Washington,* 547 US 813 [2006]; *Crawford v Washington,* 541 US 36, 51-52 [2004]; *People v Goldstein,* 6 NY3d 119, 127 [2005], *cert denied* 547 US 1159 [2006]; *People v Johnson,* 7 AD3d at 733; *Ryan v Miller,* 303 F3d 231, 247 [2002]). The evidence in this single eyewitness identification case was not overwhelming (*see People v Radcliffe,* 273 AD2d 483, 487 [2000]) and, based upon the record as a whole, including the prosecutor's references in both her opening and closing statements to Kirven's dealings with the police, and the lack of any curative instruction regarding the evidence about Kirven's dealings with the police, it cannot be said that there is "no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (*People v Johnson,* 7 AD3d at 733 [internal quotation marks omitted]; *see People v Crimmins,* 36 NY2d 230, 241 [1975]). Therefore, the error was not harmless, and a new trial is required (*see People v Johnson,* 7 AD3d at 733; *People v Milligan,* 309 AD2d 950, 950-951 [2003]; *People v Jones,* 305 AD2d at 699; *People v Martinez,* 269 AD2d at 608; *People v Brazzeal,* 172 AD2d at 758, 761-762; *People v Cruz,* 100 AD2d at 883; *People v Tufano,* 69 AD2d at 827).

The defendant's contention that the evidence was legally insufficient is unpreserved for appellate review and, in any event, is without merit. The remaining contention raised in the defendant's supplemental pro se brief is similarly without merit.

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Covello, Dickerson and Eng, JJ., concur.