THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON FAIRWEATHER, Appellant. [894 NYS2d 81]—

The defendant's contention that the evidence was legally insufficient to support his conviction of assault in the first degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see People v Whyte, 47 AD3d 852, 853-854 [2008]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear

the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant also contends that he was denied his constitutional right to confront the witnesses against him because a detective testified that he determined the defendant was a suspect after he interviewed the injured complainant, who did not testify at trial (*see Davis v Washington*, 547 US 813, 821 [2006]; *Crawford v Washington*, 541 US 36, 42 [2004]; *People v Nieves-Andino*, 9 NY3d 12, 14 [2007]; *People v Bradley*, 8 NY3d 124, 126 [2006]). Although this issue is unpreserved for appellate review, we review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The challenged testimony was improper, since it directly implied that the complainant identified the defendant as the perpetrator (*see People v Berry*, 49 AD3d 888, 889 [2008]; *People v McEaddy*, 41 AD3d 877, 879 [2007]; *People v Mack*, 14 AD3d 517, 518 [2005]; *People v Johnson*, 7 AD3d 732 [2004]; *People v Jones*, 305 AD2d 698, 699 [2003]; *People v Latta*, 295 AD2d 449 [2002]; *People v James*, 289 AD2d 506, 507 [2001]; *People v Martinez*, 269 AD2d 608 [2000]). In light of the less than overwhelming evidence of the defendant's guilt, and the prosecutor's representations in his opening statement that the complainant would testify at trial and identify the defendant, it cannot be said that the error was harmless beyond a reasonable doubt (*see Chapman v California*, 386 US 18, 23-24 [1967]; *People v Crimmins*, 36 NY2d 230, 237 [1975]; *People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Rush*, 44 AD3d 799, 800 [2007]).

In light of our determination, we need not reach the defendant's remaining contentions. Prudenti, P.J., Mastro, Florio and Austin, JJ., concur.