■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN HOSPEDALES, Appellant. [895 NYS2d 875]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered May 22, 2008, convicting him of criminal possession of a weapon in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and assault in the second degree (Penal Law § 120.05 [2]) beyond a reasonable doubt. Moreover, upon our independent review of the facts pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Under the circumstances, the Supreme Court properly admitted into evidence the testimony of a detective with respect to the defendant's flight (*see People v Lendore*, 36 AD3d 940, 940-941 [2007]; *People v Gaines*, 158 AD2d 540, 541 [1990]).

The defendant contends that the Supreme Court erred in failing to provide the jury with a limiting instruction as to the weakness of flight evidence as an indication of guilt (*see People v Yazum*, 13 NY2d 302, 304 [1963]). However, that issue is unpreserved for appellate review since the defendant did not object to the court's instructions, request a limiting instruction, or move for a mistrial (*see* CPL 470.05 [2]; *People v Yaghnam*, 135 AD2d 763, 764 [1987]). In addition, the defendant failed to preserve for appellate review his contention that the prosecutor engaged in improper bolstering (*see People v Wilson*, 295 AD2d 545, 546 [2002]). In any event, any error was harmless, as there was overwhelming evidence of the defendant's guilt even in the absence of the alleged errors, and there is no significant probability that any error contributed to his conviction (*see People v Crimmins*, 36 NY2d 230 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.