THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KAREEM NESBITT, Appellant. [910 NYS2d 471]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered June 18, 2008, convicting him of robbery in the first degree (four counts) and robbery in the second degree (five counts), upon a jury verdict, and sentencing him to determinate terms of imprisonment of 20

years on each of the convictions of robbery in the first degree under counts 14, 15, and 24 of the indictment, 10 years on the conviction of robbery in the first degree under count one of the indictment, and five years on each of the convictions of robbery in the second degree under counts 3, 10, 16, 17, and 25 of the indictment, with all sentences to run concurrently.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion in the interest of justice, (1) by vacating the conviction of robbery in the first degree as charged in count one of the indictment and the convictions of robbery in the second degree as charged in counts 3 and 10 of the indictment, and the sentences imposed thereon, and (2) by reducing the terms of imprisonment imposed upon the convictions of robbery in the first degree as charged in counts 14, 15, and 24 from determinate terms of imprisonment of 20 years to determinate terms of imprisonment of 10 years, with those sentences to run concurrently with one another and concurrently with the remaining sentences; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for a new trial on count 1 of the indictment charging robbery in the first degree and counts 3 and 10 of the indictment charging robbery in the second degree.

The defendant was charged with participating in three separate robberies which allegedly occurred on August 7, August 10, and August 14, 2006. The defendant claims that he was deprived of a fair trial when the People were permitted to elicit testimony from a police detective with respect to the August 7, 2006, robbery to improperly bolster an eyewitness's testimony. Although the defendant failed to preserve this contention for appellate review, we review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15). The detective testified that one of the complainants in the first robbery, Mohammed Islam, viewed a lineup, that Islam identified someone at the lineup, and that, immediately thereafter, the detective arrested the defendant. Under the circumstances of this case, we agree that this testimony impermissibly bolstered the identification testimony (*see People v Trowbridge*, 305 NY 471 [1953]; *People v Samuels*, 22 AD3d 507, 509 [2005]; *People v Fields*, 309 AD2d 945 [2003]; *People v Bacenet*, 297 AD2d 817, 818 [2002]).

The defendant also contends, with respect to the August 7, 2006, robbery, that the People improperly elicited testimony as to a lineup identification made by the complainant Modi Uddin, who did not identify the defendant at trial. Although this issue also has not been preserved for appellate review, we review it in the exercise of our interest of justice jurisdiction (*see* CPL

470.15). The defendant correctly asserts that the People failed to lay the proper foundation for the testimony as to Uddin's viewing of the lineup (*see* CPL 60.25; *People v Quevas*, 81 NY2d 41, 45-46 [1993]).

Furthermore, under the circumstances of this case, the above errors were not harmless. The evidence of the defendant's guilt in connection with the August 7, 2006, robbery was less than overwhelming, and it cannot be said that there was no significant probability that these errors contributed to his convictions (*see People v Caserta*, 19 NY2d 18, 21 [1966]; *see also People v Fields*, 309 AD2d at 945-946; *People v Bacenet*, 297 AD2d at 818).

The defendant further contends, in connection with the August 7, 2006, robbery, that he was denied his constitutional right to confront the witnesses against him based on a detective's testimony as to conversations between the police and an alleged accomplice regarding that robbery, as well as the detective's testimony as to that accomplice's viewing of a photograph (*see Davis v Washington*, 547 US 813, 821 [2006]; *Crawford v Washington*, 541 US 36, 42 [2004]; *People v Nieves-Andino*, 9 NY3d 12, 14 [2007]; *People v Bradley*, 8 NY3d 124, 126 [2006]). Although this issue is unpreserved for appellate review, we review it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15). The challenged testimony was improper, as it directly implied that the alleged accomplice, who did not testify at trial, identified the defendant as the perpetrator (*see People v Jones*, 305 AD2d 698 [2003]; *People v James*, 289 AD2d 506 [2001]; *see also People v Fairweather*, 69 AD3d 876 [2010]; *People v Berry*, 49 AD3d 888, 888-889 [2008]). Again, the evidence of the defendant's guilt of the August 7, 2006, robbery was less than overwhelming, and it cannot be said that there was no reasonable possibility that this alleged error might have contributed to the defendant's convictions. Thus, the error was not harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]; *see also People v Douglas*, 4 NY3d 777, 779 [2005]; *People v Rush*, 44 AD3d 799, 800 [2007]).

Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on count 1 of the indictment charging robbery in the first degree, and on counts 3 and 10 of the indictment charging robbery in the second degree.

The defendant also contends that the People improperly elicited bolstering testimony with respect to the remaining charged robberies, which occurred on August 10 and August 14, 2006. The defendant failed to preserve these contentions for appellate review (*see People v Hospedales*, 71 AD3d 916 [2010];

*People v Wilson*, 295 AD2d 545, 546 [2002]). In any event, the challenged testimony did not impermissibly bolster the identification evidence (*see People v John*, 51 AD3d 819, 820 [2008]; *People v Santiago*, 265 AD2d 351, 352 [1999]; *People v Higgins*, 216 AD2d 487 [1995]).

Under the circumstances of this case, the Supreme Court did not err in denying defense counsel's request to present evidence pertaining to a police search of the defendant's home conducted 10 days after the last charged robbery (*see People v Aska*, 91 NY2d 979, 981 [1998]; *see also People v Paixao*, 23 AD3d 677 [2005]).

The defendant was not deprived of the effective assistance of counsel, as defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]).

Under the circumstances of this case, the sentence imposed was excessive to the extent indicated herein. Mastro, J.P., Covello, Dickerson and Roman, JJ., concur.