Appeal by the defendant from a judgment of the Supreme Court, Queens County (Lasak, J.), rendered April 28, 2010, convicting him of murder in the second degree (two counts), attempted murder in the second degree (two counts), criminal possession of a weapon in the second degree (two counts), and criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Nonetheless, we conclude that a new trial is required in light of certain conduct of the prosecutor. The defendant and the co-defendant were jointly tried for murder and other charges stemming from a shooting incident. Upon denying the defendant’s motion for severance, the Supreme Court (Hanophy, J.) ruled that a confession given by the codefendant, in which he implicated the defendant, could be sufficiently redacted to avoid violation of the Bruton rule that the confession of a nontestifying codefendant, implicating the defendant, may not be admitted into evidence at a joint trial (see Bruton v United States, 391 US 123, 135-137 [1968]; Gray v Maryland, 523 US 185, 193 [1998]). A “question and answer” portion of the codefendant’s statement to police was also redacted, so as to eliminate the defendant’s name.
However, during opening statements, the prosecutor told the *770 jury that, after the nontestifying codefendant was arrested, the police learned of the involvement in the crime of someone called “Live,” i.e., the defendant. Thus, the prosecutor improperly implied that the codefendant implicated the defendant in the crime (cf. People v Sheppard, 168 AD2d 584, 585 [1990]; cf. also People v Nesbitt, 77 AD3d 854 [2010]; People v Jones, 305 AD2d 698, 699 [2003]). In denying the defendant’s mistrial motion based on this conduct, the court nonetheless admonished the prosecutor, telling him that the court was “not happy with the remarks.”
Despite this admonishment, in summation, the prosecutor again implied that the codefendant had implicated the defendant. Specifically, he unequivocally suggested that the unnamed accomplice referred to in the “question and answer” portion of the statement, whom the codefendant stated had a 9 millimeter gun, was the defendant. Further, the prosecutor projected for the jury, on a video screen, a copy of the codefendant’s statement, with the word “we” highlighted in red, and directly suggested that the jury should draw the inference that “we” in the codefendant’s statement referred to the codefendant and the defendant. Under the circumstances of this case, this conduct constituted “an unjustifiable circumvention” of the Bruton rule (People v Manuel, 182 AD2d 711, 712 [1992]; see Bruton v United States, 391 US 123 [1968]; People v Sheppard, 168 AD2d at 584), and deliberate defiance of the pretrial order. Since one eyewitness to the shooting only saw the defendant pull out a gun, but never saw him fire it, and the other eyewitness never saw the defendant with a gun, we cannot deem these errors to be harmless, particularly in light of the jury’s request to examine the codefendant’s statement during deliberations (see People v Crimmins, 36 NY2d 230 [1975]).
We further take this opportunity to note that these two examples of the prosecutor’s defiance of a court ruling were not isolated in this trial. For example, upon being told by the court to take down the video projection of the codefendant’s statement, the prosecutor continued his summation without doing so, requiring further comment from defense counsel. Additionally, during the prosecutor’s opening statement, after an objection was sustained to his line of argument that “justice [was] what’s on this [i.e., the prosecutor’s] side of the room,” the prosecutor continued with that line of argument. Similarly, during the prosecutor’s closing statement, an objection was sustained to the prosecutor’s effective instruction to the jury on the law, but the prosecutor nonetheless persisted in that effective instruction, requiring a second objection by defense counsel. *771 We recount these examples of the prosecutor’s misconduct “in the hope that our disfavor will be noted and that those charged with the duty of participating as advocates in criminal trials will approach their responsibility in an appropriate manner” (People v Stewart, 92 AD2d 226, 231 [1983]).
Accordingly, we reverse the judgment, and order a new trial.
Lastly, because we are remitting for a new trial, we note that the “question and answer” portion of the codefendant’s statement was not properly redacted, since the defendant’s name was merely replaced with a blank space. “The blank space in an obviously redacted confession also points directly to the defendant” and, thus, falls within Bruton’s prohibition (Gray v Maryland, 523 US at 194). Mastro, J.R, Skelos, Balkin and Roman, JJ., concur.