■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY L. RICHBERG, Appellant. [998 NYS2d 454]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered June 14, 2012, convicting him of tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his constitutional right to confront a certain nontestifying witness, based upon a police officer's trial testimony as to his conversation with that witness. At the trial, Sergeant Howard Tribble testified that while he was at White Plains Hospital investigating a stabbing, he was approached by a named individual who stated that "he had something to tell me." Sergeant Tribble relayed the information to his supervisor, Sergeant McCann, who was at the crime scene. Sergeant McCann, in turn, relayed the information to Police Officer Marcus McLean, who testified that he then canvassed the area of the crime scene and found a serrated kitchen knife covered with blood.

Contrary to the People's contention, the Confrontation Clause (*see* US Const, 6th Amend) issue is preserved for appellate review. While the issue was not "plainly present[ed]" to the Supreme Court (*People v Feingold*, 7 NY3d 288, 290 [2006]), the court's ruling on the defendant's objection demonstrates that the court specifically considered and resolved this issue (*see id.* at 290; *People v Prado*, 4 NY3d 725,726 [2004]; *People v Berry*, 49 AD3d 888, 889 [2008]).

The defendant's constitutional right to be confronted with the witnesses against him prohibits the "admission of testimonial statements of a witness who did not appear at trial unless he [or she] was unavailable to testify, and the defendant ha[s] had a prior opportunity for cross-examination" (*Crawford v Washington*, 541 US 36, 53-54 [2004]; *see People v Pealer*, 20 NY3d 447, 453 [2013]). Here, however, Sergeant Tribble's testimony and the subsequent testimony relating to the discovery of the weapon did not violate the Confrontation Clause, since there was no direct implication that the nontestifying witness told the police that the defendant possessed the knife, disposed of it, or tried to conceal it (*see People v Wilson*, 101 AD3d 764, 765-766 [2012]; *cf. People v Nesbitt*, 77 AD3d 854 [2010]; *People v Fairweather*, 69 AD3d 876, 877 [2010]; *People v Berry*, 49 AD3d 888 [2008]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.