■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNARIAN WALKER, Appellant. [999 NYS2d 178]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered March 2, 2011, convicting him of robbery in the first degree, robbery in the second degree, criminal possession of a weapon in the second degree (two counts), and attempted assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the admission of certain police testimony improperly implied that a nontestifying alleged accomplice identified the defendant to the police (*see People v Latta*, 295 AD2d 449 [2002]; *People v Martinez*, 269 AD2d 608 [2000]; *see also People v Johnson*, 7 AD3d 732, 733 [2004]; *People v Jones*, 305 AD2d 698, 699 [2003]), and violated the Confrontation Clause (*see* US Const 6th Amend; *Crawford v Washington*, 541 US 36 [2004]; *People v Berry*, 49 AD3d 888 [2008]). However, the defendant failed to preserve these contentions for appellate review (*see People v Rush*, 44 AD3d 799, 800 [2007]; *People v Marino*, 21 AD3d 430, 431 [2005]; *People v Mack*, 14 AD3d 517 [2005]). In any event, the evidence of the defendant's guilt, without reference to either alleged error, was overwhelming, and there is no reasonable possibility that either alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Kelly*, 58 AD3d 868, 869 [2009]; *People v Rush*, 44 AD3d 799, 800 [2007]).

The defendant, in his pro se supplemental brief, challenges as

improper certain of the prosecutor's summation remarks. The subject remarks constituted fair comment on the evidence and were not improper under the circumstances of this case (*see People v Williams*, 107 AD3d 746, 747 [2013]; *People v Wright*, 90 AD3d 679 [2011]; *People v Ravenell*, 307 AD2d 977, 978 [2003]).

The record, as a whole, shows that the defendant was afforded the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]). Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.