People v Newbeck (2018 NY Slip Op 00440)





People v Newbeck


2018 NY Slip Op 00440


Decided on January 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2014-07881
 (Ind. No. 2597/10)

[*1]The People of the State of New York, respondent, 
v
David Newbeck, appellant.


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy Sini, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (John J. Toomey, J.), rendered July 14, 2014, convicting him of murder in the second degree and hindering prosecution in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to his friend.
ORDERED that the judgment is affirmed.
The defendant made statements to his friend concerning the victim's death. The friend reported these statements to the police, and the defendant was subsequently arrested. Prior to trial, the defendant sought to suppress the statements he made to his friend on the ground that his friend acted as an "agent of the police" to obtain evidence in violation of the defendant's right to counsel. The County Court declined to suppress these statements.
Contrary to the defendant's contention, his friend did not act as an agent of the police in violation of the defendant's right to counsel. "[W]ithout the government directing the individual to the defendant, assisting the individual in obtaining statements, or making some prearranged deal, the individual who ultimately provides information to a passive governmental entity cannot be considered an agent of the government" (People v Johnson, 303 AD2d 830, 833; see People v Cardona, 41 NY2d 333, 335; People v Melendez, 285 AD2d 819, 822). Here, the defendant's friend provided the information to the police on his own initiative, and the government's role was one of "mere acceptance" of information (People v Cardona, 41 NY2d at 335). Although the defendant's friend had "a self-interest in obtaining better treatment from the government," this did not thereby automatically make him "an agent of the government" (id.). Thus, the County Court did not err in denying that branch of the defendant's omnibus motion which was to suppress statements he made to his friend.
The defendant further contends that certain testimony the prosecutor elicited from a witness violated his Sixth Amendment right to confrontation and deprived him of a fair trial. This contention is without merit. The witness's testimony did not imply that the nontestifying codefendant, who was tried separately, implicated the defendant as the perpetrator (cf. People v [*2]Nesbitt, 77 AD3d 854, 856; People v Jones, 305 AD2d 698, 699).
The defendant's contentions regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (see CPL 470.05[2]; People v Rosario, 149 AD3d 982, 983; People v Morel, 297 AD2d 757, 757). In any event, although some remarks were improper, they were not so flagrant or pervasive as to deprive the defendant of a fair trial (see People v Rosario, 149 AD3d at 983; People v Ward, 106 AD3d 842, 843).
HALL, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court