People v Young (2019 NY Slip Op 00152)





People v Young


2019 NY Slip Op 00152


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
VALERIE BRATHWAITE NELSON, JJ.


2015-07828
 (Ind. No. 135/14)

[*1]The People of the State of New York, respondent, 
v
Michael Young, also known as Shannon Thompson, appellant.


Paul Skip Laisure, New York, NY (Nao Terai of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and Anne Grady of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (William Garnett, J.), rendered August 17, 2015, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence upon his adjudication as a second violent felony offender.
ORDERED that the judgment is modified, on the law, by vacating the defendant's adjudication as a second violent felony offender; as so modified, the judgment is affirmed.
The defendant was convicted of murder in the second degree for strangling the victim in her residence in Staten Island in 2005. Approximately 10 days after the victim's death, the police discovered the victim's body in a barrel behind a building in Brooklyn. The defendant, who was on parole at the time of the offense, failed to appear for his appointment with his parole officer, and fled the country. He was arrested in 2014, after he returned to the United States.
Contrary to the defendant's contention, the People established by a preponderance of the evidence that venue was proper in Richmond County (see People v Greenberg, 89 NY2d 553, 555-556; People v Ribowsky, 77 NY2d 284, 291-292; People v Auguste, 151 AD3d 734, 734).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), there was legally sufficient evidence to establish the defendant's identity as the perpetrator beyond a reasonable doubt. That evidence consisted of forensic DNA evidence, coupled with the evidence of the defendant's flight shortly after the homicide (see People v Drummond, 143 AD3d 836, 837; People v Moss, 138 AD3d 761, 761; People v Dolan, 2 AD3d 745, 746). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of evidence (see People v Romero, 7 NY3d 633).
The Supreme Court did not improvidently exercise its discretion in connection with its Molineux ruling (see People v Molineux, 168 NY 264), authorizing the admission of evidence that the defendant, after regularly appearing for his parole appointments, absconded from parole and fled the country subsequent to the crime. That evidence, which was admitted with limiting instructions, demonstrated the defendant's consciousness of guilt (see People v Babb, 68 AD3d 887; People v Dugan, 238 AD2d 922).
The defendant contends that the admission of certain testimony from a detective that the defendant was identified as a suspect after the detective spoke with a member of the defendant's family deprived the defendant of his constitutional right to confront the witnesses against him. The contention is unpreserved for appellate review (see CPL 470.05[2]; People v Fleming, 70 NY2d 947; People v Perez, 9 AD3d 376, 377). In any event, the jury was instructed that this testimony was not admitted for its truth. Therefore, that testimony was not testimonial in nature (see Crawford v Washington, 541 US 36, 51; People v Ryan, 17 AD3d 1, 3). Further, the testimony did not directly imply that the family member implicated the defendant in the homicide (see People v Richberg, 123 AD3d 946).
The Supreme Court improvidently exercised its discretion in admitting into evidence two photographs of the victim taken prior to her death (see People v Joe, 146 AD3d 587, 590-591; People v Wilson, 71 AD3d 799, 800; People v Donohue, 229 AD2d 396, 398). However, the error was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error affected the verdict (see People v Crimmins, 36 NY2d 230, 241-242).
Some of the prosecutor's summation remarks were improper, including the remarks regarding the purported testimony of a police detective as to his conversations with a nonwitness, which were not fair comment on the evidence and the inferences to be reasonably drawn therefrom (cf. People v Ashwal, 39 NY2d 105, 109-110). However, the defendant did not object to those remarks, and he therefore failed to preserve for appellate review his argument in this regard (see CPL 470.05[2]; People v Bethea, 159 AD3d 710, 712; People v Bell, 136 AD3d 838, 839). In any event, the cumulative effect of the improper remarks was not so egregious, flagrant, or pervasive as to have deprived the defendant of a fair trial (see People v Romero, 7 NY3d 911, 912; People v Taylor, 120 AD3d 519, 521; People v Persaud, 98 AD3d 527, 529). The remainder of the summation remarks challenged by the defendant constituted fair responses to the defense summation, fair comment on the evidence and the reasonable inferences to be drawn therefrom, or permissible rhetorical comment (see People v Halm, 81 NY2d 819, 821; People v Galloway, 54 NY2d 396, 399; People v Ashwal, 39 NY2d at 109-110; People v Gurdon, 153 AD3d 1430).
The question of whether the defendant was previously convicted of a violent felony is not in issue. However, as the People correctly acknowledge, the Supreme Court was not authorized to adjudicate the defendant a second violent felony offender since the instant conviction was for a class A felony rather than a class B, C, D, or E felony (see Penal Law §§ 70.02[1]; 70.04[1][a]). Therefore, we vacate the defendant's adjudication as a second violent felony offender. However, since the statutory sentencing parameters for a second violent felony offender do not include any specifications as to proper sentences for a class A felony because that crime is more serious than the crimes specified in those parameters, the error could not have affected the sentence imposed to the defendant's detriment (see Penal Law § 70.04[1][a]; cf. People v Ballinger, 99 AD3d 931, 932; People v Torres, 145 AD2d 665). Therefore, the term of imprisonment imposed upon the defendant's conviction of a class A felony should not be disturbed.
The record, viewed in totality, shows that the defendant was afforded meaningful representation by his trial counsel (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137).
The defendant's remaining contentions are without merit.
RIVERA, J.P., LEVENTHAL, HINDS-RADIX and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court