People v Robles (2019 NY Slip Op 05572)





People v Robles


2019 NY Slip Op 05572


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-00276
 (Ind. No. 2660/14)

[*1]The People of the State of New York, respondent,
v
Saul Robles, appellant.


Paul Skip Laisure, New York, NY (Kendra L. Hutchison of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Solomon Neubort, and Dmitriy Povazhuk of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Danny K. Chun, J.), rendered December 15, 2015, convicting him of attempted murder in the second degree, assault in the first degree, and gang assault in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.
In 2010, during a street fight in Brooklyn, one victim was fatally stabbed and another victim was stabbed and severely injured. A witness (hereinafter the first witness) who participated in the fight and was acquainted with the defendant identified the defendant as the perpetrator. Another witness to the fight (hereinafter the second witness), was unable to identify the defendant during two pretrial identification procedures. Nevertheless, at the jury trial, the People were permitted to elicit testimony from the second witness that, during a lineup procedure, after the second witness indicated that she could not identify anyone as the perpetrator, the police asked her whom she would "lean toward." The second witness testified that "that's when [she] picked" the defendant, who was in position number two. At the trial, the People further asked the second witness, "Do you recall specifically what it was about number two that made you lean towards that person?" and she replied, "the jaw."
The defendant was acquitted of murder in the second degree and manslaughter in the first degree, charges relating to the deceased victim, but was found guilty of attempted murder in the second degree, assault in the first degree, and gang assault in the first degree, charges relating to the victim who had been severely injured.
The defendant's contention that the evidence was legally insufficient to support his convictions because the prosecution failed to establish his identity as the perpetrator of those crimes is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's identity beyond a reasonable doubt (see People v Lancaster, 166 AD3d 807, 808-809; People v Lewis, 150 AD3d [*2]1264, 1264). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon viewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Nevertheless, we agree with the defendant's contention that reversal of the judgment is warranted based on the admission of the second witness's testimony. Although this issue is preserved for appellate review only to the extent that the defendant argues that the second witness's testimony was irrelevant and unduly prejudicial (see CPL 470.05[2]), we review the defendant's unpreserved arguments in the exercise of our interest of justice jurisdiction (see CPL 470.15). As correctly argued by the defendant, the foundational requirements of CPL 60.25 were not met (see People v Nesbitt, 77 AD3d 854, 855-856). CPL 60.25 is principally concerned with cases where a witness who has validly identified a defendant on a prior occasion is, nevertheless, unable to make a trial identification due to a lapse of memory (see People v Hernandez, 154 AD2d 197, 200-201). CPL 60.25(1)(a)(iii) permits a witness to testify in a criminal proceeding about his or her own prior identification where the witness is "unable at the proceeding to state, on the basis of present recollection, whether or not the defendant is the person in question" (see People v Bayron, 66 NY2d 77, 81). The second witness never identified the defendant at the lineup and, thus, there was no prior identification for her to testify about under CPL 60.25 (see People v Patterson, 93 NY2d 80, 82).
Notably, the impact of the second witness's testimony was highly prejudicial to the defendant. Identification was a crucial and contested issue in this case. Without the second witness's testimony regarding whom she would "lean toward," the evidence of identity consisted primarily of the testimony of the first witness, whose veracity and credibility were questioned because he had lied to detectives and an assistant district attorney, absconded from a police station, and received an extremely favorable cooperation agreement in exchange for his testimony at the defendant's trial.
Since there must be a new trial, we note that, although the issue is unpreserved for appellate review, the prosecutor engaged in multiple instances of inappropriate and unacceptable advocacy throughout her summation. For example, the prosecutor improperly argued to the jury that there were "no coincidences," that the defendant was not the "unluckiest guy" in Brooklyn, that "the evidence fits together . . . all the pieces connect," that "all the evidence points directly at [the defendant] . . . because he's guilty. Because he did these crimes," (emphasis added) and that the jury would have to do "a lot of mental gymnastics to believe the defendant did not commit this crime." She vouched for the credibility of the first witness, arguing that if he had been lying, he would have testified that the defendant "stab[bed] two people." The prosecutor also referred to the defendant as engaging in "machismo" at the time of the events in question. We express our strong disapproval of such conduct. "Evenhanded justice and respect for the fundamentals of a fair trial mandate the presentation of legal evidence unimpaired by intemperate conduct aimed at sidetracking the jury from its ultimate responsibility—determining facts relevant to guilt or innocence" (People v Calabria, 94 NY2d 519, 523).
In light of our determination, we need not address the defendant's remaining contention.
Accordingly, the judgment must be reversed, and a new trial ordered.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court