■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

DENNIS POWELL, Appellant. [613 NYS2d 209] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered August 20, 1991, convicting him of rape in the first degree and sexual abuse in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecution did not meaningfully respond to defense demands for discovery when it failed to disclose that its witness would testify that, upon his examination of the complainant, he concluded that her hymen was not intact. Although the prosecution's witness testified that this conclusion was indicated in a diagram of the complainant's vagina in his medical report, which, we note, was furnished to the defense counsel at least four months prior to trial, the defendant claims that the report was misleading and that the prosecution's lack of advance notice as to the meaning of the doctor's diagram violated the defendant's right to meaningful disclosure. We disagree. Under CPL 240.20 (1) (c), upon a demand to produce by the defendant,

"the prosecutor shall disclose to the defendant and make available for inspection, photographing, copying or testing * * *

"[a]ny written report or document, or portion thereof, concerning a physical or mental examination, or scientific test or experiment, relating to the criminal action or proceeding which was made by, or at the request or direction of a public servant engaged in law enforcement activity, or which was made by a person whom the prosecutor intends to call as a witness at trial, or which the people intend to introduce at trial." Under these facts, it cannot be said that the prosecution violated the mandate for pretrial discovery as set forth in CPL 240.20 (1) (c).

Further, the defendant contends that his conviction of rape in the first degree should be reversed because the testimony of the complainant, who was eight years old at the time of trial, was contradictory and ambiguous and did not establish that he penetrated her vagina. This contention is unpreserved for appellate review (see, CPL 470.05 [2]; *People v Padro*, 75 NY2d 820, 821; *People v Udzinski*, 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be

accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mangano, P. J., Bracken, Pizzuto and Hart, JJ., concur.