■ The People of the State of New York, Respondent, v Melvin Bailey, Appellant. [613 NYS2d 692] —Appeal by the defendant from a judgment of the County Court, Rockland County (Kelly, J.), rendered March 30, 1993, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond

a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

Additionally, the defendant's claim that he was prejudiced by having been shackled during his trial is meritless. The trial court placed a skirt around the defense table so that the jurors could not see the defendant's shackles, and, when there were breaks in the proceedings, the court dismissed the jurors first so as to minimize any chance that they might see the defendant's shackles. Thus, the defendant was not prejudiced *(see, People v Tedesco,* 143 AD2d 155, 159). In any event, it was the defendant's own violent outburst at his competency hearing which made it necessary that he be shackled *(see, People v Johnston,* 147 AD2d 589).

We have examined the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Rosenblatt, Pizzuto and Florio, JJ., concur.