■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ATHANASOPOULOS, Appellant. [614 NYS2d 61] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Posner, J.), rendered October 22, 1992, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter remitted to Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

The defendant was convicted of burglarizing a Kentucky Fried Chicken restaurant in Queens. The evidence adduced at trial establishes that the burglar alarm sounded at 5:17 A.M., but the police did not arrive at the scene until approximately 50 minutes later. One of the officers testified that he observed the defendant, dressed in slacks and a suit jacket, exiting the rear door of the store. The defendant fled when the police ordered him to halt, and he was apprehended after a short chase.

At trial, the defendant denied that he had been inside the restaurant, although he admitted that he had run when he saw the police officers. The defendant testified that he and some friends had been at a Long Island nightclub until about 4:00 A.M., and then they had eaten breakfast at a diner near the club until about 5:00 or 5:30 A.M. A friend had driven him home to Queens and had dropped him off to buy cigarettes at

the delicatessen next door to the Kentucky Fried Chicken restaurant at about 6:00 A.M. The defendant testified that he lived about a block from the restaurant and that he had walked home through the restaurant's rear parking lot.

The defendant's account of his whereabouts at the time of the burglary was corroborated by the friend who had driven him home. It is undisputed that the defendant was empty-handed when the police observed him, although the owner of the restaurant testified that a combination television-videocassette recorder and a computer printer were stolen during the burglary. A window of the restaurant was broken, but there was no evidence offered at trial of damage to the rear door. The jury acquitted the defendant of criminal mischief in the fourth degree and convicted him of burglary in the third degree.

In order to sustain the defendant's conviction, we must find that the People proved, beyond a reasonable doubt, that the defendant knowingly entered or remained unlawfully in the restaurant with the contemporaneous intent to commit a crime therein (see, People v Gaines, 74 NY2d 358; Penal Law § 140.20). In view of the length of time between the burglary and the arrival of the police at the scene, the evidence presented by the defendant, and the fact that none of the missing items were found in the defendant's possession, we find that the verdict is against the weight of the evidence (see, People v Bleakley, 69 NY2d 490; CPL 470.15 [5]).

In view of the foregoing, we need not reach the defendant's remaining contentions. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.