■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENYATTA HUGHES, Appellant. [674 NYS2d 402] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Demakos, J.), rendered December 10, 1996, convicting him of murder in the second degree, robbery in the first degree, criminal possession of a weapon in the third degree, and auto stripping in the second degree, under Indictment No. 2034/95, upon a jury verdict, and (2) a judgment of the same court, also rendered December 10, 1996, convicting him of criminal sale of a firearm in the third degree and criminal possession of a weapon in the second degree, under Indictment No. 2796/95, upon his plea of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

At the trial, a police detective testified that the defendant confessed as soon as he heard another detective say that his accomplice was "giving it up" and going to show them where the victim's body was hidden. Although the defendant objected to that testimony, he did not specify the ground now raised on appeal that his Sixth Amendment right to confront the witnesses against him was violated when this testimony was admitted. Accordingly, his claim is not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, the contention has no merit because the testimony was properly admitted for the

non-hearsay purpose of rebutting the defendant's claim that his oral, written, and videotaped confessions were coerced (*see, Tennessee v Street*, 471 US 409; *People v Rodriguez*, 210 AD2d 266).

We also reject the defendant's contention that the trial court's *Allen* charge (*see, Allen v United States*, 164 US 492) was coercive and unbalanced. A review of the charge as a whole reveals that it was essentially neutral, directed at the jurors in general, and did not coerce them to reach a verdict or achieve a particular result (*see, People v Ramirez*, 223 AD2d 656).

In light of our determination to affirm both judgments, it is not necessary to reach the defendant's remaining contention. Sullivan, J. P., Joy, Krausman and Florio, JJ., concur.