■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JOHNSON, Appellant. [705 NYS2d 385] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Erlbaum, J.), rendered June 5, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

A police officer testified that he observed the defendant accept United States currency from an individual named Milton Holder, after which the defendant dropped envelopes on the ground which Holder retrieved. Holder and the defendant were subsequently arrested, and a bag containing cocaine was found in Holder's shoe.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was

legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The Supreme Court did not err in admitting into evidence the bag found in Holder's shoe because the bag was " 'sufficiently connected with the [defendant] to be relevant to an issue in the case' " (*People v Mason,* 186 AD2d 590, 591; *People v Connelly,* 35 NY2d 171, 174). The court also did not err in denying a circumstantial evidence charge because the prosecutor's case relied on both direct and circumstantial evidence (*see, People v Burgos,* 170 AD2d 689).

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, McGinity and Feuerstein, JJ., concur.