■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE DAVIS, Appellant. [731 NYS2d 399] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered March 14, 2000, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that his Confrontation Clause rights were violated is unpreserved for appellate review (*see,* CPL 470.05; *People v Fleming,* 70 NY2d 947; *People v Hughes,* 251 AD2d 513). In any event, the infringement upon the defendant's Confrontation Clause rights was minimal (*see, People v Cintron,* 75 NY2d 249; *cf., La Rocca v Lane,* 37 NY2d 575, *cert denied* 424 US 968).

Contrary to the defendant's contention, he received the effective assistance of counsel (*see, People v Benevento,* 91 NY2d 708; *People v Baldi,* 54 NY2d 137). Moreover, only one of the

defendant's claimed summation comment errors was preserved for appellate review. The failure to timely object renders the remaining stated claims of error unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Rivera,* 73 NY2d 941; *People v Stokes,* 282 AD2d 553, *lv denied* 96 NY2d 908; *People v Robinson,* 281 AD2d 564, *lv denied* 96 NY2d 866; *People v Sticatto,* 278 AD2d 345). In any event, the defendant's claim that improper remarks made by the prosecutor during summation require reversal is without merit. The prosecutor's remarks either constituted fair response to comments made during the defense counsel's summation (*see, People v Galloway,* 54 NY2d 396), fair comment on the evidence (*see, People v Ashwal,* 39 NY2d 105), or were harmless in light of the overwhelming evidence of the defendant's guilt (*see, People v Crimmins,* 36 NY2d 230), which included both his written and videotaped statements. Krausman, J. P., S. Miller, Friedmann and Schmidt, JJ., concur.