■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MACK, Appellant. [787 NYS2d 397]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered April 22, 2003, convicting him of burglary in the first degree and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was denied his constitutional right to confront the witnesses against him because a detective testified that he arrested the defendant after a conversation with his accomplice, who did not testify at trial. Although the defendant objected to that testimony and moved for a mistrial, he did not specify the ground now raised on appeal and failed to object to the court's remedy. Therefore, the issue is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Fleming*, 70 NY2d 947 [1988]; *People v Perez*, 9 AD3d 376, 377 [2004]; *People v Moreno*, 303 AD2d 424 [2003]; *People v Hughes*, 251 AD2d 513 [1998]).

In any event, although the challenged testimony was improper, since it implied that the accomplice implicated the defendant in the crime (*see People v Latta*, 295 AD2d 449 [2002]), the error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Latta, supra*). Florio, J.P., Schmidt, Adams and Cozier, JJ., concur.