■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL WATSON, Appellant. [793 NYS2d 89]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered March 13, 2000, convicting him of murder in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant claims that the judgment should be reversed based upon the late disclosure of *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]). The material at issue was turned over to the defendant before opening statements and in sufficient time for him to use it in a meaningful fashion during cross-examination or as evidence during his case (*see People v Cortijo,* 70 NY2d 868 [1987]; *People v Rodriguez,* 281 AD2d 644 [2001]). There was no indication that a reasonable possibility existed that earlier disclosure of the material might have led to a different outcome of the trial (*see People v Vilardi,* 76 NY2d 67 [1990]).

The Supreme Court properly denied suppression of the defendant's statements to law enforcement officials. A reasonable person, innocent of any crime, would not have believed that he was in custody at the time the statements were made (*see People v Yukl,* 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *People v Parsad,* 243 AD2d 510 [1997], *denial of habeas corpus affd sub nom. Parsad v Geiner,* 337 F3d 175 [2003], *cert denied sub nom. Parsad v Fischer,* 540 US 1091 [2003]).

The defendant's remaining contentions either are unpreserved for appellate review, without merit, or do not require reversal. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.