◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICK CASTALDI, Appellant. [806 NYS2d 684]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered October 10, 2000, convicting him of rape in the first degree and sodomy in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence of guilt was legally insufficient because the People failed to establish the element of penetration (*see* Penal Law § 130.00 [1]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Powell*, 205 AD2d 561 [1994]). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Powell, supra; People v Gomez*, 112 AD2d 445 [1985]). Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless it is clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Williams*, 259 AD2d 509 [1999]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]) and the record does not support the defendant's claim of ineffective assistance of counsel (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*,

91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are largely unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit or do not warrant reversal. Schmidt, J.P., Adams, Luciano and Covello, JJ., concur.