THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR PRUITT, Appellant. [813 NYS2d 210]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered March 14, 2001, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371, 378 [1974]) was a provident exercise of its discretion (*see People v Mitchell,* 298 AD2d 602 [2002]; *People v Williams,* 292 AD2d 474, 475 [2002]).

The County Court properly admitted the testimony of the People's expert witness, as it was based on his specialized knowledge and was helpful in aiding the jury to reach its verdict (*see People v Brown,* 97 NY2d 500, 505 [2002]; *People v Cronin,* 60 NY2d 430, 433 [1983]).

Additionally, the defendant was not unduly prejudiced by the fact that he was shackled during his testimony. The court placed a paper wrapping around the desk where the defendant testified so that his waist and hands were not visible to the jurors (*see People v Bailey,* 205 AD2d 789 [1994]; *People v Tedesco,* 143 AD2d 155, 159 [1988]). In any event, it was the defendant's own violent behavior which made it necessary that he be shackled, and the court minimized any potential prejudice by issuing the appropriate instruction to the jury (*see People v Benito,* 256 AD2d 221 [1998], *lv denied* 93 NY2d 850 [1999], *cert denied* 528 US 810 [1999]; *People v Bailey, supra*).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Castaldi,* 24 AD3d 567 [2005]).

The defendant's remaining contentions are without merit. Florio, J.P., Santucci, Fisher and Lunn, JJ., concur.