■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE RUSH, Appellant. [843 NYS2d 392]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Brown, J.), rendered May 20, 2003, convicting him of burglary in the first degree, robbery in the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree, criminal use of a firearm in the second degree, criminal possession of a weapon in the second degree, grand larceny in the third degree, and grand larceny in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

During jury selection, the defendant, who had expressed dissatisfaction with his assigned counsel, alerted the court that he had spoken with a new attorney who might potentially appear on the next court date. He requested that the court recess until

then. When the court denied his request, the defendant, in effect, requested to proceed pro se. After the court denied the request to proceed pro se, the defendant's assigned counsel continued to conduct jury selection for the remainder of the day. When the new attorney with whom the defendant had conversed did not appear on the next court date, the defendant requested that he be permitted to proceed pro se for the remainder of the trial. After conducting an inquiry, the court granted this request and the defendant represented himself for the remainder of the trial. Contrary to the defendant's contention, the court properly denied his initial request to proceed pro se, as the initial request was only to proceed pro se temporarily until his new counsel arrived, was in the alternative, and was not clear and unequivocal (*see People v Gillian*, 8 NY3d 85, 88 [2006]).

Also contrary to the defendant's contention, there was a "reasonable basis, articulated on the record" for the defendant's legs to be shackled during the trial (*People v Rouse*, 79 NY2d 934, 935 [1992]; *see People v Mendola*, 2 NY2d 270, 277 [1957]). The prosecutor and court officer stated on the record at a pretrial hearing that they had learned from Corrections Department staff that the defendant had said on more than one occasion that he planned to attempt an escape when he came to court and that he planned to get hold of a court officer's gun (*see People v Tedesco*, 143 AD2d 155, 159 [1988]). Further, any prejudice was limited by the fact that the shackles were concealed by brown paper surrounding both counsel tables (*see People v Pruitt*, 28 AD3d 588 [2006]; *People v Bailey*, 205 AD2d 789, 790 [1994]).

The defendant's contention that the admission of a statement of his codefendant, made in the back of a police car after the codefendant was arrested, violated the defendant's rights under the Confrontation Clause (*see Crawford v Washington*, 541 US 36 [2004]) is not preserved for appellate review (*see People v Marino*, 21 AD3d 430, 431 [2005], *cert denied*, — US —, 126 S Ct 2930 [2006]; *People v Mack*, 14 AD3d 517 [2005]; *People v Hughes*, 251 AD2d 513 [1998]). In any event, the evidence of the defendant's guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant's conviction. Thus, any error was harmless beyond a reasonable doubt (*see People v Crimmins*, 36 NY2d 230, 237 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Crane, J.P., Florio, Lifson and Carni, JJ., concur.