■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER PIGGOTT, Appellant. [891 NYS2d 69]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered December 14, 2005, convicting him of criminal possession of marijuana in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

According to the People's witnesses, on December 10, 2003, at about 10:00 P.M., Detective James Donoghue and Sergeant James Knoebel observed the defendant and another man smoking a marijuana cigarette in the hallway of an apartment building in Brooklyn. As the police approached, the defendant ran downstairs towards a basement apartment and was apprehended on the staircase. After Sergeant Knoebel conducted a pat down of the defendant, the police proceeded to the basement apartment. The codefendant Lloyd Jackson consented to the police entering the apartment, and upon entering, the police noticed a strong and potent marijuana smell. After obtaining a warrant, the police recovered about 75 pounds of marijuana upon searching the apartment. Both the defendant and Jackson were arrested, and Detective Donoghue testified that he found a set of keys on each of them during searches incident to the arrests. Each set contained one key that opened the door to the basement apartment and one key that opened a locked canister found inside the apartment containing some marijuana.

Upon the exercise of our independent factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was against the weight of the evidence. "[W]eight of the evidence review requires a court first to determine whether an acquittal would have been unreasonable. If so, the court must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, the court then decides whether the jury was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson,* 9 NY3d 342, 348 [2007]; *see People v Bleakley,* 69 NY2d 490 [1987]). "Essentially, the court sits as a thirteenth juror and decides which facts were proven at trial" (*People v Danielson,* 9 NY3d at 348).

The verdict of guilt in this case hinged on the credibility of Detective Donoghue's testimony that a set of keys was recovered from the defendant's pants pocket during a search incident to his arrest. This testimony was contradicted by the fact that the voucher sheet listing the property recovered from the defendant did not list a set of keys, while the voucher sheet listing the property recovered from Jackson listed two sets of keys. Moreover, Detective Donoghue's testimony at trial that he recovered one set of keys from Jackson's pants pocket conflicted with his grand jury testimony that he found one set of keys inside the apartment, and that Jackson said that the set belonged to him. When confronted with his grand jury testimony, Detective Donoghue stated that he had no independent recollection of so testifying before the grand jury. Further, while Detective Raymond Holzwarth testified at trial that he personally recovered a set of keys from the defendant and Jackson, he acknowledged that he was mistaken when confronted with his grand jury testimony that Detective Donoghue gave him the two sets of keys. Finally, we note that Sergeant Knoebel did not find any keys when he conducted a "very thorough" pat-down of the defendant prior to his arrest.

Under the circumstances here, we find that the verdict was against the weight of the credible evidence.

In light of our determination, we need not reach the defendant's remaining contentions. Mastro, J.P., Santucci, Chambers and Lott, JJ., concur.