THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH A. BAILEY, Appellant. [889 NYS2d 870]—

The hearing court properly denied that branch of the defendant's motion which was to suppress his statement to law enforcement officials at the precinct. The evidence at the hearing established that, contrary to the defendant's contention, his statement was not the product of custodial interrogation (*see Miranda v Arizona*, 384 US 436 [1966]; *People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Watson*,

17 AD3d 385 [2005]; *People v Parsad,* 243 AD2d 510, 511 [1997]).

The defendant's contention that the prosecution failed to disprove his justification defense by legally sufficient evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins,* 11 NY3d 484, 492 [2008]; *People v Smiley,* 303 AD2d 425, 426 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15 [2] [a]; *People v Chung,* 39 AD3d 558, 559 [2007]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson,* 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley,* 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80, 83 [1982]). Fisher, J.P., Angiolillo, Dickerson and Leventhal, JJ., concur.