■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PASQUALE A. VERRILLI, Appellant. [895 NYS2d 439]—

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress certain statements he made to law enforcement officials because a reasonable person, innocent of any crime, would not have believed that he was in custody at the time the defendant made those statements (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]; *People v Watson*, 17 AD3d 385 [2005]; *People v Parsad*, 243 AD2d 510 [1997], *cert denied* 540 US 1091 [2003]).

The defendant's contention that the evidence of guilt was legally insufficient because the People failed to establish the element of penetration (*see* Penal Law § 130.00 [1]) is without merit. Viewing the evidence adduced at trial in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Bumbray*, 63 AD3d 412 [2009]; *People v Castaldi*, 24 AD3d 567 [2005]). Moreover, upon our independent review pursuant to CPL 470.15

(5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the testimony of two sexual assault nurse examiners should have been precluded because they were unqualified to render expert opinions. However, only the defendant's challenge to the testimony of one sexual assault nurse examiner is preserved for appellate review (*see* CPL 470.05 [2]). In any event, given the education and employment history of both witnesses, who were registered nurses, the trial court providently exercised its discretion in permitting them to provide expert testimony (*see Matott v Ward*, 48 NY2d 455, 459 [1979]; *People v Menendez*, 50 AD3d 1061, 1062 [2008]; *People v Morehouse*, 5 AD3d 925, 928 [2004]).

The defendant's contention that the victim's hospital records were improperly admitted into evidence under the business records exception to the hearsay rule is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see* CPLR 4518 [a]; *People v Rogers*, 8 AD3d 888, 892 [2004]; *People v Bell*, 286 AD2d 443 [2001]).

The court properly permitted the victim's sister to testify, under the "prompt outcry" exception to the hearsay rule, that the victim told the sister that the defendant had raped her (*see People v Shelton*, 1 NY3d 614, 615 [2004]; *People v McDaniel*, 81 NY2d 10, 16 [1993]; *People v Aller*, 33 AD3d 621, 622 [2006]; *People v Felix*, 32 AD3d 1177, 1178 [2006]). Rivera, J.P., Dillon, Belen and Roman, JJ., concur.