THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES GROSS, Appellant. [912 NYS2d 115]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered March 24, 2009, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that he was deprived of his constitutional right to a speedy trial.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of his constitutional right to a speedy trial is without merit (*see People v Cousart*, 58 NY2d 62, 66 [1982]; *People v Taranovich*, 37 NY2d 442, 445 [1975]). Accordingly, the County Court correctly denied that branch of the defendant's omnibus motion which was to dismiss the indictment based on a purported constitutional speedy trial violation.

Contrary to the defendant's contention, he was not prejudiced by the fact that his feet were shackled while he sat at the defense table during the trial. The County Court articulated a reasonable basis on the record justifying the use of shackles, namely, that the defendant had previously become agitated and had removed his handcuffs while in custody (*see People v Robinson*, 64 AD3d 803 [2009]; *cf. People v Buchanan*, 13 NY3d 1, 4 [2009] [requiring rational basis for stun belt restraint]). Moreover, no undue prejudice was shown because the shackles were hidden from the jury's view by a black bunting around the defendant's table, and the shackles were removed while the defendant testified (*see People v Rush*, 44 AD3d 799 [2007]; *People v Pruitt*, 28 AD3d 588 [2006]; *People v Bailey*, 205 AD2d 789 [1994]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction is unpreserved for appellate

review (*see* CPL 470.05; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

The defendant further contends that the People failed to provide him with notice pursuant to CPL 710.30 (1) of a statement he gave to detectives in the form of a map he drew indicating the location of a stolen pocketbook he discarded after the robbery at issue. However, since the proof of the defendant's guilt was overwhelming, and there is no significant probability that the People's failure to provide notice pursuant to CPL 710.30 (1) contributed to the defendant's conviction, the People's failure to provide notice pursuant to CPL 710.30 (1) was harmless (*see People v Crimmins*, 36 NY2d 230, 242 [1975]; *People v Thomas*, 58 AD3d 645 [2009]; *People v Peterkin*, 245 AD2d 1050, 1050-1051 [1997]).

Finally, the defendant's contention that he was deprived of a fair trial due to the prosecutor's summation comments which impermissibly shifted the burden of proof is unpreserved for appellate review. In any event, the defendant's contention is without merit, since where, as here, a defendant elects to present evidence of his innocence, his failure to call certain witnesses or produce certain relevant evidence in support of his defense may be brought to the jury's attention by the prosecutor on summation, provided that the prosecutor's comments are not made in bad faith and are merely efforts to persuade the jury to draw inferences supporting the People's position (*see People v Tankleff*, 84 NY2d 992, 994-995 [1994]; *People v Williams*, 13 AD3d 660 [2004]).

The sentence imposed was not excessive (*see People v Morris*, 57 AD3d 573 [2008]; *People v Suitte*, 90 AD2d 80, 83 [1982]).

The defendant's remaining contention is without merit. Skelos, J.P., Covello, Balkin and Sgroi, JJ., concur.