■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALDO CRUZ, Appellant. [913 NYS2d 329]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered March 13, 2009, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, there was a sufficiently "reasonable basis, articulated on the record" for the defendant's legs to be shackled during the trial (*People v Rouse*, 79 NY2d 934, 935 [1992]; *see People v Robinson*, 64 AD3d 803 [2009]; *People v Rush*, 44 AD3d 799, 800 [2007]). The County Court set forth, on the record, its reasons for allowing the defendant's legs to be shackled, including the defendant's lengthy criminal record, the level of security in the courtroom, and the fact that the defendant had mailed letters to the complainant prior to the trial, which showed "animus toward the witness"

(*see People v Rouse*, 79 NY2d at 935; *People v Brunson*, 68 AD3d 1551 [2009]). The County Court subsequently noted that it implemented this procedure on the recommendation of security personnel.

Further, the potential prejudice was ameliorated by the fact that the shackles were concealed from the jury by black bunting placed around the defendant's table, and the County Court's direction to remove the shackles before the defendant testified (*see People v Rush*, 44 AD3d at 800; *People v Pruitt*, 28 AD3d 588 [2006]; *People v Bailey*, 205 AD2d 789, 790 [1994]; *People v Tedesco*, 143 AD2d 155, 159 [1988]). In *People v Buchanan* (13 NY3d 1 [2009]), the Court of Appeals held that a trial court may not use a stun belt as a routine adjunct security measure in murder cases, but "must conduct a sufficient inquiry to satisfy itself of the facts that warrant the restraint" (*id*. at 4). The court need not conduct a formal inquiry (*id*.). Here, the County Court made "findings on the record showing that the particular defendant before him need[ed] . . . a restraint" (*id*.).

Contrary to the defendant's next contention, the County Court properly denied his request for a circumstantial evidence charge, because the People's case relied on both direct and circumstantial evidence (*see People v Johnson*, 270 AD2d 431, 432 [2000]; *People v Burgos*, 170 AD2d 689 [1991]).

The defendant contends that certain remarks made by the prosecutor during summation were improper and, thus, deprived him of a fair trial. Reversal is not warranted because most of the remarks either were responsive to defense counsel's summation or constituted fair comment on the evidence. To the extent that any remarks were improper, they did not deprive the defendant of a fair trial (*see People v Garcia*, 66 AD3d 699, 700 [2009], *lv denied* 14 NY3d 800 [2010]; *People v Rudd*, 62 AD3d 729 [2009]). Moreover, the County Court properly instructed the jurors that they were the finders of fact, that the arguments of counsel were not evidence, and that they were to assess the witnesses' credibility.

Contrary to the defendant's contention, the County Court gave meaningful responses to the jury's written requests during deliberations (*see People v Agosto*, 73 NY2d 963, 967 [1989]; *People v Lourido*, 70 NY2d 428, 435 [1987]; CPL 310.30).

The defendant failed to preserve for appellate review his challenge to the legal sufficiency of his conviction of burglary in the second degree (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime

beyond a reasonable doubt. In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 634-635 [2006]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Skelos, J.P., Balkin, Eng and Austin, JJ., concur.