11-783-pr
Rush v. Lempke

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand twelve.

Present:    ROBERT A. KATZMANN,
            RICHARD C. WESLEY,
            PETER W. HALL,
                    *Circuit Judges.*
_____

EDDIE RUSH,

                    *Petitioner-Appellant*,


                    - v -                        No. 11-783-pr

JOHN B. LEMPKE,

                    *Respondent-Appellee.*
_____

For Petitioner-Appellant:        ROBERT A. CULP, Law Office of Robert A. Culp, Garrison,
                                 N.Y.

For Respondent-Appellee:         JOANNA HERSHEY (Tammy J. Smiley, Judith R. Sternberg, *on
                                 the brief*), Assistant District Attorneys, *of counsel for* Kathleen
                                 M. Rice, District Attorney, Nassau County, Mineola, N.Y.

Appeal from the United States District Court for the Eastern District of New York (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Eddie Rush ("Rush") appeals from a February 2, 2011 memorandum opinion and order (the "February 2011 Opinion") of the United States District Court for the Eastern District of New York (Bianco, *J.*) denying his petition for a writ of *habeas corpus* as untimely and, in the alternative, on the merits. *Rush v. Lempke*, No. 09-CV-3464(JFB), 2011 WL 477807, at *1 (E.D.N.Y. Feb. 2, 2011). In the February 2011 Opinion, the district court denied petitioner a certificate of appealability. *Id.* at *20. However, on August 18, 2011, this Court issued a certificate of appealability on the following issues: whether petitioner was entitled to equitable tolling of the limitations period; whether the commencement of the limitations period was governed by 28 U.S.C. § 2244(d)(1)(B); and whether petitioner's right to self-representation was violated by the court's denial of his initial request to proceed *pro se* on January 10, 2003, and its restriction of his movement within the courtroom. Because we find that neither of Rush's Sixth Amendment claims have merit, we need not address the issues relating to the timeliness of his petition. We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the district court's denial of a 28 U.S.C. § 2254 petition *de novo*. *See Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002). To determine whether a petitioner is entitled to a writ of *habeas corpus*, federal courts must apply the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Accordingly, an application for a writ of *habeas corpus* shall not be granted unless a state court's

adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §§ 2254(d)(1)-(2); *Williams v. Taylor*, 529 U.S. 362, 411 (2000) (O'Connor, *J.*) ("[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.").

First, we consider Rush's claim that the Supreme Court of the State of New York Appellate Division, Second Department, unreasonably applied clearly established federal law when it concluded that the trial court "properly denied his initial request to proceed pro se, as the initial request was only to proceed pro se temporarily until his new counsel arrived . . . and was not clear and unequivocal." *People v. Rush*, 843 N.Y.S.2d 392, 393 (App. Div. 2007). It is well-established that the Sixth Amendment grants a criminal defendant the right to represent himself at trial. *Faretta v. California*, 422 U.S. 806, 819-21 (1975). The right "may be exercised by all criminal defendants who knowingly, voluntarily, and unequivocally waive their right to appointed counsel." *Johnstone v. Kelly*, 808 F.2d 214, 216 (2d Cir. 1986). "Once asserted, however, the right to self-representation may be waived through conduct indicating that one is vacillating on the issue or has abandoned one's request altogether." *Williams v. Bartlett*, 44 F.3d 95, 100 (2d Cir. 1994). "Equivocation, which sometimes refers only to speech, is broader in the context of the Sixth Amendment, and takes into account conduct as well as other expressions of intent." *Id.*

3

Like the district court, we find that the Appellate Division's rejection of Rush's first self-representation claim was eminently reasonable. Petitioner's initial statement that he would proceed *pro se* "if [he had] to" was not unequivocal, but part of a transparent effort to obtain an adjournment and substitution of counsel. J.A. 62. As soon as it became clear that Rush intended to proceed *pro se* irrespective of whether he would be able to obtain new counsel, the trial court granted his application. *See* J.A. 70-71("Just so the record is clear . . . up until this point the Court finds there has been no unequivocal waiver on [Rush's] part to go *pro se*. Rather, it was defendant's indication to the Court that he was going to be retaining new counsel."). And, from that point forward, it is undisputed that Rush put on his own defense.

Next, we turn to Rush's allegation that his right to self-representation was violated by the trial court's restriction of his movement within the courtroom. We granted Rush a certificate of appealability as to this claim based on a footnote in the district court's decision, holding that

> [T]o the extent petitioner argues that his shackles impeded him from representing himself because he was not free to move around the courtroom like the prosecutor, that argument is . . . without merit because any error committed by the trial judge in preventing petitioner from moving around the courtroom was harmless.

*Rush*, 2011 WL 477807, at *13 n.5 (citation omitted). After additional review, however, we find that this claim is exhausted, but procedurally defaulted.

AEDPA provides that federal courts may not grant a petition for *habeas corpus* unless "the applicant has exhausted the remedies available in the courts of the State" or "there is an absence of available State corrective process." 28 U.S.C. § 2254(b)(1)(A), (B)(i). "[E]xhaustion of state remedies requires that [a] petitioner fairly present federal claims to the state courts in order to give the [s]tate the opportunity to pass upon and correct alleged violations of its

4

prisoners' federal rights." *Carvajal v. Artus*, 633 F.3d 95, 104 (2d Cir. 2011) (alterations in original and citation omitted). "In order to have fairly presented his federal claim to the state courts the petitioner must have informed the state court of both the factual and the legal premises of the claim he asserts in federal court." *Daye v. Attorney Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (en banc). "If a habeas applicant fails to exhaust state remedies by failing to adequately present his federal claim to the state courts so that the state courts would deem the claim procedurally barred," federal habeas courts "must deem the claim[] procedurally defaulted." *Carvajal*, 633 F.3d at 104 (alteration in original).

During his trial, Rush objected that the shackles he was required to wear interfered with his ability to represent himself. J.A. 93-94 (during *voir dire* regarding self-representation, the trial court told Rush that he would remain shackled and Rush responded "Isn't fair to me that I can't be able to walk around."). But in his appeal to the Appellate Division, Rush asked the court only to consider, *inter alia*: (1) if he "[s]hould . . . be granted a new trial because, notwithstanding an unequivocal pre-trial request to proceed *pro se*, the County Court summarily denied his *Faretta* request, and thus precluded [h]im from picking his own jury"; and, (2) whether "the County Court abused its discretion, and committed reversible error, when it declined to hold a hearing, at [which] testimony could be taken, on Rush's claimed flight risk, before shackling [h]im during trial, in violation of his Due Process right to a fair trial?" Supp. App. 1055. Significantly, Rush's appellate brief failed to assert or imply that the trial court's restriction of Rush's movement affected his right to self-representation. Thus, the state court was not given an opportunity to review this claim.

5

Further, Rush cannot return to New York state court to raise this issue. Rush has already directly appealed his conviction to the Appellate Division and applied for review of the Appellate Division's decision by the New York Court of Appeals. Accordingly, under New York law, further direct review is no longer available. The petitioner's failure to raise the claim on direct review also forecloses collateral review in state court. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 170 (2d Cir. 2000) (citing N.Y. Rules of Court, Court of Appeals, § 500.10(a) (McKinney 1999), and N.Y. Crim. Proc. Law § 440.10(2)(c) (McKinney 1994)).

In a Rule 28(j) letter submitted to this Court two days after oral argument, Rush requests that we hold this appeal in abeyance to allow him to file a coram nobis petition in state court. In the petition, he would claim ineffective assistance of state appellate counsel for failure to raise on direct appeal the Sixth Amendment issue before us today. He contends that filing the coram nobis petition in state court would allow this Court to reach the issue subsequently on habeas review.

Rush misconstrues the nature of a coram nobis proceeding. "The only constitutional claim [a petitioner is] permitted to raise in seeking a writ of error coram nobis [is] ineffective assistance of appellate counsel, a claim that is distinct from" the Sixth Amendment claim he raises here. *Turner v. Artuz*, 262 F.3d 118, 123 (2d Cir. 2001). Filing a coram nobis petition would not "fairly present[] his federal claim to the state courts." *Daye*, 696 F.2d at 191. Consequently, a coram nobis proceeding would not resolve Rush's procedural default.

When a petitioner "has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred

6

unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Rush makes no demonstration with respect to a potential fundamental miscarriage of justice. The only cause that he identifies for the procedural default is the ineffective assistance of state appellate counsel. However, as he acknowledges in his 28(j) letter, "the exhaustion doctrine . . . generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). Federal habeas review of Rush's Sixth Amendment claim with respect to the restriction of his movement in the courtroom is therefore barred.

We have considered Rush's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK