Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J), rendered July 26, 2010, convicting him of criminal possession of a weapon in the second degree and unlawful possession of pistol ammunition, after a nonjury trial, and imposing sentence.
Ordered that the judgment is modified, on the facts, by vacating the defendant’s conviction of criminal possession of a weapon in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.
The defendant was convicted, after a nonjury trial, of criminal possession of a weapon in the second degree and unlawful possession of pistol ammunition. Upon fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15; People v Romero, 7 NY3d 633 [2006]), we agree with the defendant that the verdict of guilt with respect to the criminal possession of a weapon in the second degree count was against the weight of the evidence.
In conducting our weight-of-the-evidence analysis, we must first determine, based upon the credible evidence, whether a different result would have been unreasonable and, if it would not have been, then we must “ ‘weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony’ ” (People v Bleakley, 69 NY2d 490, 495 [1987], quoting People ex rel. MacCracken v Miller, 291 NY 55, 62 [1943]; see People v Danielson, 9 NY3d 342, 348 [2007]). Applying this principle to the evidence adduced at the defendant’s trial, we determine, in the first instance, that acquittal of the criminal possession of a weapon in the second degree charge would not have been unreasonable based upon the evidence presented (see People v Romero, 7 NY3d 633 [2006]). Moreover, weighing the evidence adduced at the trial, in light of the defendant’s rebuttal of the permissive presumption relied upon by the People to establish that the defendant possessed the subject weapon with the intent to use it unlawfully against another (see Penal Law § 265.15 [4]; People v Vincent, 80 AD3d 633, 634 [2011]), we find that the defendant’s conviction of criminal possession of a weapon in the second *766 degree was against the weight of the evidence. Accordingly, we reverse the judgment of conviction with respect to this count as against the weight of the evidence (see People v McMitchell, 110 AD3d 923 [2013]; People v Sergio, 99 AD3d 734 [2012]).
The defendant’s contention that the admission of a statement made by the complainant after the subject incident had ended violated the defendant’s rights under the confrontation clause of the Sixth Amendment to the United States Constitution (see Crawford v Washington, 541 US 36 [2004]) is not preserved for appellate review (see People v Marino, 21 AD3d 430, 431 [2005], cert denied 548 US 908 [2006]; People v Mack, 14 AD3d 517 [2005]; People v Hughes, 251 AD2d 513 [1998]). In any event, the evidence of the defendant’s guilt of unlawful possession of pistol ammunition was overwhelming, and there is no reasonable possibility that the error might have contributed to the defendant’s conviction. Thus, the error was harmless beyond a reasonable doubt (see People v Crimmins, 36 NY2d 230, 237 [1975]).
In addition, the defendant’s valid waiver of a Huntley hearing (see People v Huntley, 15 NY2d 72 [1965]) precludes appellate review of the propriety of the trial court’s admission into evidence of the defendant’s videotaped pre-arraignment statements (cf. People v Benitez, 84 AD3d 826, 827 [2011]).
In light of our determination, we need not consider the defendant’s contention regarding the propriety of the imposed period of postrelease supervision.
Mastro, J.E, Chambers, Austin and Miller, JJ., concur.