THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEJUAN BATTLE, Appellant. [983 NYS2d 314]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered May 9, 2011, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

The defendant was convicted of criminal possession of a weapon in the second degree, based upon the testimony of the arresting officer and his partner that they observed the defendant throw a black object to the ground, which was retrieved by the police from under a car, 12 feet away from the defendant. The police later ascertained that the object was a loaded, operable firearm.

The arresting officer's original request for a ballistics examination to the police laboratory was limited to the firearm, while the ammunition allegedly recovered with the firearm were submitted to the police laboratory five days later. The arresting officer acknowledged that he did not send the gun for fingerprint or DNA testing because he had personally handled the gun and his hands were sweaty, so "the integrity was lost." Before the time of trial, the arresting officer lost the memo book in which he would have made notes concerning the subject arrest.

At the station house, the police photographed the gun and placed the photograph on a bulletin board in the anti-crime office. The police placed a caption on the photograph which read "The White Lie," which the officers explained referred to a statement the defendant made at the time of his arrest, to wit, "you didn't get that on me." Upon cross-examination at the trial, the arresting officer acknowledged that when an assistant district attorney asked him if the defendant made any statements upon his arrest, the officer replied "no."

A defense witness testified that she had called the police about a fight involving a man who was carrying a gun. She further testified that she saw that individual place a gun under the subject car. After the police responded to the scene and recovered the gun from under the car, the defendant walked by and the police placed him under arrest. The witness testified that she told the police "that's not the guy, that's the wrong guy," and that other people were saying the same thing, but the police took the defendant away.

In determining whether a verdict is against the weight of the credible evidence, this Court is required to first determine whether an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]; People v Romero, 7 NY3d 633, 643 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). If an acquittal would not have been unreasonable, then this Court "must weigh conflicting testimony, review any

rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions. Based on the weight of the credible evidence, th[is] [C]ourt then decides whether the [trier of fact] was justified in finding the defendant guilty beyond a reasonable doubt" (*People v Danielson*, 9 NY3d at 348; *see People v Romero*, 7 NY3d at 643-644; *People v Bleakley*, 69 NY2d at 495). If it appears that the fact-finder failed to give the evidence the weight it should have been accorded, then this Court may set aside the verdict (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Curry*, 112 AD3d 843 [2013]).

Here, an acquittal would not have been unreasonable. Although great deference is accorded the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d at 410; *People v Bleakley*, 69 NY2d at 495), objective facts, which were not adequately explained, cast doubt upon the officers' credibility, including the loss of the arresting officer's memo book, the fact that the ammunition allegedly retrieved from the gun was only submitted to the police laboratory for analysis five days after the gun was submitted for analysis, and the fact that a photograph of the gun was exhibited in the precinct with a caption referring to a white lie. Further, the eyewitness who initially called the police to the scene testified at the trial that the man involved in the incident was not the defendant, and that the police arrested the wrong man.

Upon the exercise of our factual review power (*see* CPL 470.15), we find that the rational inferences which can be drawn from the evidence presented at trial do not support the conviction beyond a reasonable doubt. Thus, the judgment must be reversed and the indictment dismissed (*see People v Jacques*, 115 AD3d 765 [2d Dept 2014]; *People v McMitchell*, 110 AD3d 923 [2013]).

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.