■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHUAIB ONEILL, Appellant. [36 NYS3d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Knopf, J.), rendered April 1, 2010, convicting him of criminal possession of a weapon in the second degree and criminal possession of marihuana in the fifth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is reversed, on the facts, the indictment is dismissed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent with CPL 160.50.

At trial, the arresting officer and his partner testified that, while on plainclothes duty and traveling in an unmarked police car with a third officer, they observed the defendant and another male walking down the street wearing bandanas or masks covering part of their faces. The officers pulled up next to the men, exited their vehicle, and asked them to "hold on a minute." The arresting officer testified that just as he happened to be standing right next to the defendant shining a flashlight on his hands, the defendant threw what appeared to be a clear plastic bag containing marihuana on the ground. The arresting officer testified that he then handcuffed the defendant and recovered a gun on his person. The arresting officer's partner saw the arresting officer holding the gun, but did not see where it had come from.

The arresting officer made no mention of the arrest in his memo book, did not call in the arrest, and did not voucher the bandanas or masks allegedly recovered from the defendant and his companion. The arresting officer's partner did not recall if he noted anything about the arrest in his memo book, but

acknowledged that he possibly did not. Moreover, the arresting officer's case folder, which contained the original of the defendant's written statement, as well as his signed *Miranda* waiver (*Miranda v Arizona*, 384 US 436 [1966]), was lost. The arresting officer read the defendant's statement into the record at the trial. The third officer did not testify at the trial. Additionally, no forensic tests were conducted on the gun to prove that it had been handled by the defendant.

The defendant and his companion, the defendant's friend, both of whom testified, specifically denied wearing any kind of mask or bandana. The defendant also denied possessing a gun or any marihuana. Although at some point he saw the arresting officer holding a gun by the barrel, he could not see where the gun had come from, as he had his back to the arresting officer until that time.

The defendant did not deny signing a written statement, but maintained that the arresting officer told him what to write, and told him that after writing the statement, the defendant would be free to go home. The defendant denied the contents of the brief statement, which said that he had found the gun in a bathroom near Baisley Pond, that he was carrying it with him "just to see what it feels like to walk around with a gun," and that he intended to turn the gun in.

At the outset, we note that the defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]; *People v Finger*, 95 NY2d 894 [2000]). In any event, viewing the evidence in the light most favorable to the prosecution, we find that the evidence was sufficient to prove the defendant's guilt beyond a reasonable doubt (*see People v Contes*, 60 NY2d 620, 621 [1983]). However, under the particular facts presented, we find that the verdict was against the weight of the evidence.

In determining whether a verdict is against the weight of the credible evidence, this Court is required to first determine whether an acquittal would not have been unreasonable (*see People v Danielson*, 9 NY3d 342, 348 [2007]; *People v Romero*, 7 NY3d 633, 643 [2006]). If an acquittal would not have been unreasonable, then this Court "must weigh conflicting testimony, review any rational inferences that may be drawn from the evidence and evaluate the strength of such conclusions" (*People v Danielson*, 9 NY3d at 348). "If it appears that the fact-finder failed to give the evidence the weight it should have been accorded, then this Court may set aside the verdict" (*People v Battle*, 116 AD3d 782, 784 [2014]).

Here, an acquittal would not have been unreasonable, particularly in light of objective facts—including the arresting officer's failure to record the arrest in his memo book, his failure to call in the arrest, his failure to voucher the bandanas or masks, and the loss of the case folder containing the original of the defendant's written statement and signed *Miranda* waiver—all of which cast doubt on the arresting officer's credibility (*see People v Battle*, 116 AD3d at 784). Moreover, the defendant testified at trial to a completely different version of events, including that he and his companion were not wearing masks or bandanas and he did not possess a gun or any marihuana. The defendant's credibility was supported by the testimony of three character witnesses regarding his propensity for truthfulness, and no evidence was elicited to undermine the defendant's credibility. Notably, the defendant had no prior history of arrests and had been gainfully employed by the same employer for seven years. Further, the defendant's companion, who also had no history of prior arrests and had been gainfully employed for six years, testified to the same version of events as the defendant. Upon the exercise of our factual review power (*see* CPL 470.15), we find that the rational inferences which can be drawn from the evidence presented at trial do not support the conviction beyond a reasonable doubt (*see People v Piggott*, 66 AD3d 1045 [2009]; *People v Athanasopoulos*, 206 AD2d 381 [1994]). Thus, the judgment must be reversed and the indictment dismissed (*see People v Battle*, 116 AD3d 782 [2014]). Chambers, J.P., Hall, Duffy and Barros, JJ., concur.