People v Campa (2022 NY Slip Op 02275)

People v Campa

2022 NY Slip Op 02275

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.

2018-12865
 (Ind. No. 1612/17)

[*1]The People of the State of New York, respondent,
v
Silvestre Campa, appellant.

Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, William H. Branigan, and Katherine A. Triffon of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Barry A. Schwartz, J.), rendered October 3, 2018, convicting him of predatory sexual assault, sexual abuse in the first degree, and unlawful imprisonment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his challenge to the legal sufficiency of the evidence supporting his convictions (see CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant's contention that the Supreme Court erred in failing to give a circumstantial evidence charge is unpreserved for appellate review (see CPL 470.05[2]). In any event, because the evidence supporting the defendant's guilt was not wholly circumstantial, no circumstantial evidence charge was required (see People v Johnson, 270 AD2d 431, 432).
The defendant contends that he was deprived of the effective assistance of counsel due to, inter alia, his attorney's failure to move to suppress certain DNA evidence on the ground that the DNA results were obtained in violation of Executive Law § 995-d. Although the absence of such a motion is apparent on the face of the record, the defendant's ineffective assistance claim depends, in part, upon matter outside the record, including the scope of the DNA consent form which the defendant signed during the course of an unrelated criminal investigation. This evidence will bear on the issue of whether the defendant's attorney had a "strategic or other legitimate explanation[ ]" for his allegedly deficient conduct (People v Rivera, 71 NY2d 705, 709; see People v Taylor, 98 [*2]AD3d 593, 594, affd 22 NY3d 259). Since the defendant's claim of ineffective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, he has presented a "'mixed claim[ ]' of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109, quoting People v Evans 16 NY3d 571, 572 n 2). Since the defendant's claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety, and we decline to review the claim on this direct appeal (see People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court